```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTOPHER HERRERA,

                    Petitioner,

       - against -

DALE A. ARTUS,

                    Respondent.
------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 0 3 2007 ★
BROOKLYN OFFICE

**MEMORANDUM DECISION AND ORDER**

CV-06-1115 (BMC)

COGAN, District Judge.

On September 8, 2003, a jury found petitioner guilty of murder in the second degree and criminal possession of a weapon in the second degree. The convictions stem from an October 17, 2001 altercation between petitioner and the victim that began with a game of dice, and ended with petitioner shooting the victim in the back in a "drive by" shooting. Petitioner was sentenced on October 29, 2003 to twenty-five years to life in prison for the murder, and a concurrent term of fifteen years for the weapon possession.

The evidence against petitioner at his trial was overwhelming, consisting of testimony from an eyewitness to the shooting, testimony from several others who tied petitioner to the murder weapon and other facts associated with the shooting, and petitioner's own statements admitting the crime. Petitioner exhausted his claims on appeal and this timely petition for a writ of habeas corpus followed. Petitioner raises four issues that have been rejected by the state courts and lack merit, and the petition is therefore dismissed.

1. <u>Admission of Witness' Prior Consistent Statement</u>

Petitioner first argues that the trial court erred in admitting the prior consistent statement of a prosecution witness, Robert Ogletree, who identified petitioner as the shooter. Ogletree was vigorously cross-examined at petitioner's trial based on a cooperation agreement with the prosecution. On redirect, the trial court permitted the prosecution to rebut defense counsel's suggestion that Ogletree fabricated his trial testimony by offering a prior statement Ogletree made shortly after the shooting to an officer who did not know of any charges pending against him. The trial court gave a limiting instruction that the jury must not consider the statement as evidence of the crime, but only for purposes of weighing the credibility of the witness.

The Appellate Division held that the trial court correctly admitted Ogletree's prior consistent statement in order to rebut the defense position that Ogletree had a motive to fabricate his testimony. There was no evidentiary, let alone, constitutional error in this ruling. <u>Terrell v. Walsh</u>, No. 03 Civ. 7613, 2005 WL 3309658, at *2 (S.D.N.Y. Dec. 6, 2005) ("...[R]ulings by the state trial court on evidentiary questions are a matter of state law and pose no constitutional issue. Even if a state court improperly admits evidence, that decision does not violate due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice." (quoting <u>Green v. Goord</u>, 2001 WL 946359, at *3 (S.D.N.Y. Aug. 20, 2001)).

Even if the admission of the statement was an improper evidentiary ruling, petitioner cannot show that the error was so pervasive that it denied him a fundamentally fair trial and amounted to a due process violation. <u>Estelle v. McGuire</u>, 502 U.S. 62, 72

(1991); Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985). Having made the understandable determination to attack Ogletree's credibility, petitioner's counsel opened the door to having the witness rehabilitated with his prior statement. There was no prejudice to petitioner by the admission of the statement – his counsel presented details of Ogletree's criminal record and gang affiliation and even made a statement alluding to Ogletree's criminal proclivities in his closing argument, introduced a conversation between Ogletree and a defense investigator in which Ogletree seemed to recant some of his statement about petitioner, and the trial court provided a limiting instruction. The admission of Ogletree's prior consistent statement falls far short of being the sort of "crucial, critical, highly significant evidence" that might have caused petitioner any prejudice at trial. Scully, 755 F.2d at 19.

2. Confrontation Claim

Petitioner next argues that the trial court denied him the right to confront Ogletree by allegedly excluding admission of a tape recorded conversation between Ogletree and petitioner's investigator. As the Appellate Division held, this claim also lacks merit. At petitioner's trial, Ogletree denied having a conversation with a defense investigator in which he told the investigator that he had seen petitioner carrying a gun at the scene but, contrary to his trial testimony, had not seen petitioner's face at the time of the shooting. Ogletree also stated to the investigator that he did not want to testify at petitioner's trial but was being pressured to do so pursuant to his cooperation agreement. (However, he maintained to the investigator that petitioner was in fact the shooter.)

When Ogletree denied that the conversation with the investigator took place, petitioner's counsel attempted to introduce the tape recording. At the suggestion of the

3

trial judge, defense counsel agreed to authenticate the tape through the investigator, offer it into evidence, and then recall Ogletree in order to question him. The court made it clear that defense counsel would be permitted to recall Ogletree, but defense counsel opted not to do so after admitting the tape into evidence.

This procedure, to which defense counsel readily agreed, did not offend the Confrontation Clause. The trial court provided petitioner with the right to confront Ogletree with the tape; it simply adjusted the timing based on the need to authenticate it. Petitioner's counsel made a tactical decision that playing the tape for the jury, and not giving Ogletree the chance to explain the tape by confronting him with it, was petitioner's most advantageous use of it. No one deprived petitioner of the right to confront Ogletree.

In any event, no objection was made to this procedure at trial, and the Appellate Division explicitly held that it was not preserved. Thus, in addition to having no merit, the claim is procedurally barred. See Harris v. Reed, 489 U.S. 255 (1989). Petitioner has not alleged cause for the failure to raise the claim, nor can he realistically claim prejudice from his counsel's tactical decision, and he has no claim of actual innocence. Habeas corpus relief is therefore not available to him on this ground. Coleman v. Thompson, 501 U.S. 722 (1991).

3. Rosario Claim

Third, petitioner complains that the prosecution's timing of turning over a police log just prior to the testimony of the witness who prepared the log violates People v. Rosario, 9 N.Y.2d 286 (1961), and the trial court erred by not precluding the witness' testimony. This claim alleges an error of purely state law, and does not raise a federal

constitutional claim (nor would the federal statutory law that parallels New York's Rosario rule have required the prosecution to turn the documents over any earlier, 18 U.S.C. §3500; See Jencks v. U.S., 353 U.S. 657 (1957)). This claim thus does not form a ground for habeas corpus relief.

4. Sentencing Claim

Finally, petitioner complains that the sentence he received was effectively a penalty for his decision to go to trial because it was much greater than the sentence the prosecution offered during plea negotiations. During negotiations, the prosecution offered petitioner a fifteen year prison term in exchange for a guilty plea to first degree manslaughter, and instead petitioner finds himself sentenced to 25 years to life following his conviction for second degree murder. Petitioner did not preserve this claim for appellate review, and the Appellate Division therefore rejected it as procedurally barred. Petitioner has failed to show cause and prejudice for his procedural default. See Coleman, 501 U.S. at 748.

Moreover, the Supreme Court has repeatedly rejected similar arguments, and it is well settled that prosecutors may encourage guilty pleas by offering benefits as part of "give-and-take negotiations." See Bordenkircher v. Hayes, 434 U.S. 357 (1978); Corbitt v. New Jersey, 439 U.S. 212 (1978). Only when a petitioner alleges specific facts showing that the prosecutor's decision to abandon the benefits offered during plea bargaining was the result of actual vindictiveness might he raise a due process issue, see United States v. Goodwin, 457 U.S. 368, 380, n. 12 (1982), but such facts are absent here.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. §2253. Should petitioner appeal, *in forma pauperis* is granted.

**SO ORDERED.**

Dated: Brooklyn, New York
December 28, 2006

_____
U.S.D.J.